UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMELINDA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| NORTH EAST INDEPENDENT | § | SA-09-CA-0274 FB (NN) |
| SCHOOL DISTRICT, | § | |
| LESHA SQUIRES, | § | |
| CAROL FLANIGAN, | § | |
| DIANA MONTEMAYOR, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO RECUSE

This order address plaintiff Hermelinda Garza's motion to recuse the undersigned magistrate judge.[1] Under 28 U.S.C. § 455, a party may ask for recusal of a magistrate judge if the magistrate judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."[2] "Judges are presumed to be impartial and, accordingly, parties seeking recusal bear 'the substantial burden of proving otherwise.'"[3] "The standard for determining whether a judge should disqualify [herself] under § 455 is whether a reasonable person knowing all the facts would conclude that the judge's

---

[1] Docket entry # 30.

[2] 28 U.S.C. § 455.

[3] *In re Medtronic Sprint Fidelis Leads Products Liab. Litig.*, 601 F. Supp. 2d 1120, 1124 (D. Minn.2009) (citation omitted).

impartiality might reasonably be questioned."[4]

Garza relies on the denial of her motion for appointed counsel and my advisory regarding Garza's responsibilities as a litigant as grounds for recusal. Neither of those grounds demonstrates personal bias or prejudice concerning Garza or personal knowledge of the evidentiary facts of this case. I have twice explained why Garza is not entitled to appointed counsel.[5] The denial of appointed counsel does not implicate my ability to be fair and impartial in this case. Likewise, my advisory about Garza's responsibilities as a litigant does not implicate my ability to be fair and impartial in this case.[6] Given notice that Garza had refused to be deposed, the advisory was an appropriate way to avoid discovery disputes and to ensure the defendants have the ability to defend themselves against Garza's allegations. Under the circumstances, a reasonable person knowing all the facts would not reasonably question my impartiality. The motion is **DENIED** (docket entry # 30).

**SIGNED** on August 10, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] *Hepperle v. Johnston*, 590 F.2d 609, 614 (5th Cir. 1979). *See Hall v. Small Business Admin.*, 695 F.2d 175, 179 (5th Cir. 1983) ("The statute requires the judge to disqualify [her]self if a reasonable person, knowing all the circumstances, would harbor doubts about [her] impartiality.").

[5] Docket entry # 6 (explaining why this case does not present exceptional circumstances) & # 29 (denying Garza's motion for reconsideration and referring Garza to the district's pro se manual for guidance in prosecuting her claim).

[6] Docket entry # 27.