UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMELINDA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| NORTH EAST INDEPENDENT | § | SA-09-CA-0274 FB (NN) |
| SCHOOL DISTRICT, FLAVIO | § | |
| VALDEZ, LESHA SQUIRES, | § | |
| CAROL FLANIGAN, | § | |
| DIANA MONTEMAYOR, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO: Honorable Fred Biery
     United States District Judge

This report and recommendation recommends dismissal of the claims brought against defendant Flavio Valdez. Valdez was a former employee of defendant Northeast Independent School District (the school district). On June 10, 2009, the school district filed a suggestion of death under Rule 25 of the Federal Rules of Civil Procedure, notifying the court that Valdez was deceased.[1] Rule 25 directs the court to dismiss the action against a deceased party if a motion to

---

[1] Docket entry # 21.

substitute is "not made within 90 days after service of a statement noting the death. . . ."[2] Ninety days has passed. No motion to substitute was filed within Rule 25's 90-day time period. Because no motion was filed, the district court must dismiss the claims against Valdez.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[3] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[4] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar

---

[2] Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

[3] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[4] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[5]

**SIGNED** on September 17, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).