UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMELINDA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| NORTH EAST INDEPENDENT | § | SA-09-CA-0274 FB (NN) |
| SCHOOL DISTRICT, | § | |
| LESHA SQUIRES, | § | |
| CAROL FLANIGAN, | § | |
| DIANA MONTEMAYOR, | § | |
| | § | |
| Defendants. | § | |

**ORDER STRIKING PLEADINGS AND ADMONISHING PLAINTIFF**

This order addresses plaintiff Hermelinda Garza's motion to dismiss court order,[1] motion to prohibit electronic filing,[2] motion for copies of employment contracts,[3] and motion to dismiss defendants' filing.[4] After considering the motions, I strike the motions and admonish Garza about the consequences of filing motions that lack a basis in law.

In her motion to dismiss court order,[5] Garza characterized the court's September 3, 2009 order[6] as a "non-legal document" and complained that the order lacked a file and date stamp.

---

[1]Docket entry # 42.

[2]Docket entry # 44,

[3]Docket entry # 45.

[4]Docket entry # 46.

[5]Docket entry # 42.

[6]Docket entry # 40.

Garza asked the district judge to dismiss the order. Garza attached a copy of the order to her motion. The copy of the order reflected a filing date of September 3, 2009. Garza's motion has no basis in law. Because the motion has no basis in law, I STRIKE the motion (docket entry # 42).

In her motion to prohibit electronic filing,[7] Garza asked the court to prohibit the defendants from filing their pleadings electronically because such pleadings do not bear a date and time file stamp. A party may file a document by electronic means if permitted by local rule.[8] In this district, a local rule permits electronic filing. A pleading filed electronically reflects the date of filing after it is filed. Garza has confused "filing" with "service." I previously instructed Garza that Rule 5 of the Federal Rules of Civil Procedure does not require the defendants to serve Garza with documents with a file stamp or clerk's signature. Garza's motion lacks a basis in law. Because Garza's motion has no basis in law, I STRIKE the motion (docket entry # 44).

In her motion for employment contracts,[9] Garza complained that the defendants' attorney had not sent her copies of the defendants' employment contracts. Garza asserted that such failure rendered the defendants' pleadings null and void. Garza advanced no legal authority to support her argument. The court knows of no authority supporting Garza's argument or entitling Garza to a copy of the employment contracts. Garza's motion lacks a basis in law. Because Garza's motion has no basis in law, I STRIKE the motion (docket entry # 45).

---

[7] Docket entry # 44.

[8] *See* Fed. R. Civ. P. 5(d)(3).

[9] Docket entry # 45.

In her motion to dismiss defendants' filing,[10] Garza complained that the legal assistant of the defendants' attorney served her with a copy of a pleading and that the pleading did not bear the clerk's file stamp. Garza asked the court to declare the defendants' pleading as "a not legal document." I addressed this same issue in an earlier order.[11] I explained that Rule 5 does not prohibit an attorney from relying on a staff member for service and that the rule does not require the defendants to serve Garza with documents bearing a file stamp or signature from the clerk. Garza's motion lacks a basis in law. Because Garza's motion has no basis in law, I STRIKE the motion (docket entry # 46.

**Court's admonishments**. Garza is hereby warned about the consequences of continuing to file motions which lack a basis in law. "By presenting to the court a pleading, written motion, or other paper . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the document] is not being presented for any improper purpose. . . ; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law . . . ."[12] If a party violates this rule, the court may sanction the party.

Since the outset of this lawsuit, Garza has filed motions lacking a basis in law. Although my order denying Garza's motion to recuse the magistrate judge cited applicable legal authority, Garza complained to Judge Biery that my order was not a legal document and that the order was

---

[10]Docket entry # 46.

[11]*See* docket entry # 40.

[12]Fed. R. Civ. P. 11(b).

sent by regular mail.[13] Judge Biery affirmed my order, stating that no basis existed for recusal.[14] Garza next asked the court to strike the defendants' pleadings as non-legal documents, complaining that the documents were sent by a legal assistant and did not bear the clerk's signature and file stamp.[15] In response, the court explained that Rule 5 does not prohibit an attorney from relying on a staff member for service and does not require service using documents bearing a file stamp or clerk's signature. Despite these explanations, Garza again asked the court to declare a served document as a non-legal document, citing the same reasons addressed by the court' order.[16] In addition, Garza asked the court to dismiss my September 3, 2009 order as a non-legal order, complaining that the order lacked a file and date stamp. Garza provided no legal authority showing the court's order was a "non-legal order."

Garza's motion to dismiss the September 3, 2009 order and her motion to dismiss the defendants' filing violate Rule 11 because the motions lacks a basis in law. Garza knows the motions lack a basis in law because the court has already addressed the requirements for service. Instead of evidencing a certification that existing law supports her contention, Garza's motion reflects dissatisfaction with the court's explanations and rulings on her motions. If Garza continues to file pleadings lacking a basis in law, the court will sanction Garza under Rule 11. Aa a minimum sanction, the court will strike a pleading that has no basis in law. The court may also order Garza to pay the attorney's fees associated with the defendants' response to the

---

[13]Docket entry # 35.

[14]Docket entry # 37.

[15]Docket entry # 36.

[16]Docket entry # 46.

motions.

**Court's order to Garza**. The defendants advised the court that Garza has failed to respond to its efforts to schedule Garza's deposition.[17] **On or before September 30, 2009, Garza shall contact the defendants' attorney and provide three dates during October 2009 for her deposition.** The defendants' attorney shall select a date from the three proposed dates and notify Garza in writing of the date for the deposition. Garza will appear for the deposition and participate in the deposition in good faith. If Garza fails to provide dates for her deposition, to appear for her deposition on the date scheduled, or fails to participate in good faith, the defendants shall notify the court in writing. If any of these circumstances occur—if Garza fails to provide dates, to appear for her deposition or fails to cooperate in good faith—the court shall issue an order directing Garza to show cause why this case should not be dismissed for failing to cooperate in discovery. Garza is hereby warned that failing to submit to a deposition and to participate in good faith are ground for dismissing this case under Rule 37 of the Federal Rules of Civil Procedure.

**SIGNED** on September 23, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[17]Docket entry # 47.