UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMELINDA GARZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| NORTH EAST INDEPENDENT SCHOOL DISTRICT, LESHA SQUIRES, CAROL FLANIGAN, DIANA MONTEMAYOR, | § § § § § § § | SA-09-CA-0274 FB (NN) |
| Defendants. | § § | |

# REPORT AND RECOMMENDATION

TO:    Honorable Fred Biery
        United States District Judge

This report and recommendation recommends dismissing the claims against defendants Lesha Squires, Carol Flanigan and Diana Montemayor (together, the employees). The employees work for defendant Northeast Independent School District (the school district). Plaintiff Hermelinda Garza sued the school district and the employees for employment discrimination under Title VII of the Civil Rights Act of 1964. The employees moved to dismiss the claims against them for failure to state a claim upon which relief may be granted.[1] The employees

---

[1] *See* Fed. R. Civ. P. 12(b)(6) (permitting a party to ask for dismissal for failure to state a claim upon which relief can be granted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

argued that they cannot be sued for unlawful employment discrimination because they do not meet Title VII's definition of an employer.[2] The employees are correct.

Under Title VII, the term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."[3] "[T]itle VII does not permit the imposition of liability upon individuals unless they meet [T]itle VII"s definition of "employer.""[4] "Individual[] [employees] are not liable under Title VII in either their individual or official capacities."[5] A Title VII claim that does not name an employer as defendant fails to state a claim upon which relief may be granted.

The school district meets Title VII's definition of employer, but Squires, Flanigan and

---

fact)."

*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

[2]Docket entry # 59.

[3]42 U.S.C.A. § 2000e(b).

[4]*Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). *See Indest v. Freeman Decorating*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] a party may not maintain a suit against both an employer and its agent under Title VII.").

[5]*Ackel v. Nat'l Communications*, 339 F.3d 376, 382 n.1(5th Cir. 2003).

Montemayor do not. The school district employed Garza. Squires,[6] Flanigan[7] and Montemayor[8] did not employ Garza. Garza's pleadings reflect the school district as her former employer.[9] Because Squires, Flanigan and Montemayor were not Garza's employer under Title VII, they cannot be sued and claims against them are subject to dismissal.

**Recommendation**. Garza's claims against the employees fail to state a claim upon which relief may be granted because the employees are not employers under Title VII. I recommend GRANTING the employees' motion to dismiss (docket entry # 59) and DISMISSING the claims against Squires, Flanigan and Montemayor. Garza did not respond to the motion to dismiss within the time permitted under the Local Rules, but there is nothing Garza can argue that can change the result here.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days

---

[6] Squires works for the school district as principal of Olmos Elementary School—a school where Garza once worked as a substitute teacher. *See* docket entry # 66.

[7] Flanigan works as clerk in the school district's Human Resources Department. *See* docket entry # 66.

[8] Montemayor works for the school district as principal of Colonial Hills Elementary School— a school where Garza once worked as a substitute teacher. *See* docket entry # 66.

[9] *See, e.g.*, docket entry # 67, exh. 5 (letter removing Garza from substitute teacher list) & exh. 15 (pay advices).

after being served with a copy of same, unless this time period is modified by the district court.[10] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[11] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[12]

**SIGNED** on November 13, 2009.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[11] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[12] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).