# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMELINDA GARZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| NORTH EAST INDEPENDENT SCHOOL DISTRICT, | § § § § | SA-09-CA-0274 FB (NN) |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

**TO:** Honorable Fred Biery
United States District Judge

This report and recommendation addresses the pending motion for summary judgment.[1] I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me[2] for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained. After reviewing the parties' submissions and the applicable law, I recommend granting the motion.

**Nature and background of the case**. Plaintiff Hermelinda Garza previously worked for defendant Northeast Independent School District (the School District) as a substitute teacher. Garza was terminated after she took photos of students with her cell phone. Garza later sued the

---

[1]Docket entry # 79.

[2]Docket entry # 9.

School District and several of its employees for national-origin discrimination under Title VII of the Civil Rights Act of 1964.[3] Garza alleged that she was terminated because she is from Mexico.[4] She also alleged that the School District retaliated against her for filing a charge of discrimination with the EEOC. Since that time, the district court dismissed the claims against the individual employees,[5] leaving the School District as the only defendant. The School District has moved for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[6]

**Garza's national-origin discrimination claim**. The School District's first ground for summary judgment is that Garza cannot make out a prima facie case of national-origin discrimination. The School District maintains that Garza cannot show that she was replaced by someone outside of her protected class or that others similarly situated outside her class were treated more favorably.[7]

Title VII of the Civil Rights Act of 1964 makes it unlawful "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment,

---

[3]Docket entry # 8.

[4]In her charge of discrimination, Garza also complained that she was terminated because she refused to work a half day and charged that Anglo substitute teachers were not terminated for refusing to work a half day. Garza did not include that allegation in her complaint. *See* docket entry # 8, exh. 9, p. 6 (charge of discrimination).

[5]Docket entry #s 53 & 78.

[6]Fed. R. Civ. P. 56(c).

[7]Docket entry # 79, p. 7.

because of such individual's . . . national origin"[8] Where, as here, there is no evidence of direct discrimination, a plaintiff must first present a prima facie case of discrimination.[9] "A prima facie case is established once the plaintiff has proved that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class."[10]

Garza presented no evidence raising a fact question about whether the School District replaced Garza by someone outside of her protected class or about whether it treated others similarly situated outside Garza's class more favorably than it treated Garza. When asked for her evidence that she was discriminated against because she is from Mexico, Garza expressed only her subjective belief that she was treated differently because of her national origin.[11] Garza's subjective belief is insufficient to make out a prima facie case. The School District's summary-judgment evidence contradicts Garza's subjective belief—the School District presented

---

[8] 42 U.S.C. § 2000e-2(a)(1).

[9] *See Turner v. Baylor Richardson Med. Ctr*, 476 F.3d 337, 345 (5th Cir. 2007).

[10] *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).

[11] *See* docket entry # 79, exh. B (Garza's deposition), pp. 55-54 (responding that she knew of no specific example of a Anglo woman or man or anybody else being treated differently than she was); *id.* at pp. 58-60 (expressing her belief that the school principal refused to give her a hearing before terminating her because she was born in Mexico and admitting that she unaware of an Anglo who was given a hearing before being terminated as a substitute teacher; *id.* at pp. 73-76 (testifying that she did not know of a substitute teacher who took photos of students without being terminated and expressing her belief that she was treated differently because of her Mexican origin); *id.* at pp. 81-87 (affirming her belief that she was terminated because she is from Mexico and acknowledging that she did not know whether the individual defendants knew she was from Mexico); *id.* at p. 91 (stating that the she didn't know of anyone treated differently by the individual defendants). *See also id*. at p. 49 (explaining that she choose national original discrimination on her pro se complaint form because "out of the options I was marking there, that was the closest one to what happened to me").

summary-judgment evidence indicating that it terminated other substitute teachers outside of Garza's protected class after receiving complaints from school principals.[12] The School District is entitled to summary judgment because Garza cannot make out a prima facie case of national-origin discrimination.

The School District's second ground for summary judgment is that Garza cannot raise a fact question about whether its reason for terminating Garza was pretext for national-origin discrimination. Had Garza made out a prima facie case of national-origin discrimination, the burden would have shifted to the School District to articulate a legitimate, nondiscriminatory reason for the adverse employment action.[13] The School District's legitimate, nondiscriminatory reason for terminating Garza is employee misconduct based on incidents at two elementary schools. In the first incident, the Olmos Elementary School principal asked the School District to remove Garza from the substitute teacher list because Garza was verbally aggressive with school staff.[14] In the second incident, the Colonial Hills Elementary School principal asked the School District to remove Garza from the substitute teacher list because Garza took photos of students with her cell phone.[15] After the second incident, the Director of Human Resources removed Garza from the substitute-teacher list.[16] The School District presented Garza's signature on the

---

[12] Docket entry # 79, exh. B (Director of Human Resources' affidavit), p. 2 (attesting that the School District terminated as substitute teachers two Anglo women, an Afro-African woman and an Indian-American male after receiving complaints from school principals).

[13] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).

[14] Docket entry # 8, exh. 5, p. 7.

[15] *Id.* at p. 10.

[16] *Id.* at p. 11.

verification of attendance and understanding of the School District's policies and procedures, which states that the School District can terminate a substitute teacher if two or more principals ask that the substitute not return.[17]

"Once the employer offers evidence of such a legitimate reason, the burden shifts back to the plaintiff-employee to raise a genuine issue of material fact that this non-discriminatory reason is merely pretextual."[18] Garza attempted to raise a fact question about the first incident by challenging the date the School District received the Olmos Elementary School principal's request. Garza asserted that the incident could not have served as the first principal complaint because the School District did not receive the principal's request until after the cell-phone-photo incident.[19] Although the principal's request is dated-stamped as received on December 22, 2007, the request is dated October 24, 2007 and describes an incident that occurred on October 23, 2007.[20] The date-stamp does not raise a fact question about whether the request was the first complaint, or about pretext, because the request indicates the incident occurred before the cell-phone-photo incident.

Garza attempted to raise a fact question about the second incident by explaining why she took photos of the students and by complaining that neither the students nor their parents complained about the photos.[21] Garza's explanation does not raise a fact question about whether

---

[17]Docket entry # 8, exh. 5, p. 24.

[18]*Willis v. Coca Cola Enterprises*, 445 F.3d 413, 420 (5th Cir. 2006).

[19]Docket entry # 81, p. 3.

[20]*Id*. at p. 71.

[21]Docket entry # 81, p. 3.

5

Garza was terminated for employee misconduct because the School District does not dispute the explanation and because Garza admitted taking the photos. The nonexistence of student/parent complaints does not raise a fact question because it does address the reason Garza was terminated. Garza's argument about a violation of the School District's policies and procedures is belied by her signature on the verification of attendance and understanding of the School District's policies and procedures. The School District is entitled to summary judgment on Garza's national origin claim.

**Garza's retaliation claim**. The School District asked the court for summary judgment on Garza's retaliation claim on the ground that Garza cannot make out a prima facie case of discrimination. The School District argued that Garza cannot present evidence of an adverse employment action that occurred after she filed her charge of discrimination with the EEOC. "A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."[22] Garza can satisfy the first requirement because she filed a charge of discrimination with the EEOC. Filing a charge of discrimination with the EEOC is a protected activity.[23] Garza can satisfy the second requirement because termination is an adverse employment action. Garza cannot satisfy the third requirement because she filed her charge of discrimination many months after she was terminated. Garza testified during her deposition that she did not file her charge with the EEOC

---

[22]*Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

[23]42 U.S.C.A. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees because he has made a charge [of discrimination]. . . .").

6

until after she was terminated.[24] Because she was terminated before she filed her charge, Garza cannot show a causal link between filing the charge and being terminated. When questioned about her evidence that the School District had retaliated against her, Garza relied on the lack of a job offer.[25] Garza asserted that the School District must have given her an adverse recommendation because no employer has offered her a job,[26] but the School District's summary-judgment evidence indicates that it has received no inquiries from prospective employers about Garza.[27] The School District is entitled to summary judgment on Garza's retaliation claim.

**Recommendation**. Because Garza cannot establish a prima facie case for either of her claims, I recommend granting the School District's motion for summary judgment (docket entry # 79) and entering summary judgment in favor of the School District.

I also recommend warning Garza that if she continues to file lawsuits without merit, the district court will issue an order enjoining her from filing any future action in a federal court without permission from this court.[28] Despite my earlier warning about the consequences of filing motions lacking a basis in law,[29] Garza pursued this lawsuit based on her subjective belief

---

[24] Docket entry # 79, exh. B, p. 96.

[25] Docket entry # 79, exh. B, pp. 105-06.

[26] Docket entry # 81, p. 4.

[27] Docket entry # 79, exh. B.

[28] *See Newby v. Enron Corp.,* 302 F.3d 295, 301 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court.").

[29] Docket entry # 49. *See also* docket entry # 27.

that she was terminated because she is from Mexico and her belief that her termination constitutes retaliation. Garza's efforts have required the expenditure significant School District and court resources. Additionally, Garza has established a pattern of pursuing claims lacking a legal or factual basis,[30] including appeals to the Fifth Circuit.[31] A warning to Garza about the consequences of continuing to file lawsuits without merit is warranted.

**Instructions for Service and Notice of Right to Object/Appeal.** The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[32] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the

---

[30]*See* Cause No. SA-08-CV-939, docket entry # 13 (remanding forcible detainer action for lack of jurisdiction).

[31]*See* Cause No. SA-08-CV-939, docket entry # 18 (dismissing Appeal No. 09-50118 for want of prosecution); docket entry # 76 (dismissing interlocutory notice of appeal for lack of jurisdiction).

[32]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

district court.[33]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[34]

**SIGNED** on March 25, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[33]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[34]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).